**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 10 B 40135 |
| James and Katrina Sims | ) | Judge Hon. Schmetterer |
| | ) | CHAPTER 13 |
| | ) | |
| James and Katrina Sims | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ADV. NO. 10 AP 02398 |
| Charter One | ) | |
| Defendant. | ) | |

*Findings of Fact and Conclusions of Law*

**FINDINGS OF FACT**

**A.    The Parties**

1.    The Plaintiffs are James and Katrina Sims ("Plaintiffs").

2.    The Defendant is Charter One ("Defendant").

**B.    Factual Background**

1.    On or about September 7, 2010, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.    Plaintiffs own the real estate commonly known as 12100 S. Laflin Street, Chicago, IL 60643.

3.    That National City Mortgage holds a first mortgage lien on the real property commonly known as 12100 S. Laflin Street, Chicago, IL 60643, with a secured claim of $175,125.40 pursuant to the proof of claim filed on November 13, 2008 by National City Mortgage Co. in Plaintiffs' prior case, case number 08-29015.

4.    The Defendant holds a second mortgage lien on the real property known as 12100 S. Laflin Street, Chicago, IL 60643 in the approximate amount of $13,291.60 pursuant

to the proof of claim filed on November 14, 2008 by the defendant in Plaintiff's prior case, case number 08-29015.

    5.    That the Plaintiffs obtained an appraisal of the property on August 24, 2010 indicating the value of 12100 S. Laflin Street, Chicago, IL 60643 as $135,000.00.

    6.    The first mortgage lien of National City Mortgage is a secured claim based on the mortgage recorded on September 23, 2005 as document number 0526626083 with the Cook County Recorder of Deeds, Illinois.

    7.    The second mortgage lien of Charter One is a claim based on the mortgage recorded on February 1, 2006 as document number 0603253234 with the Cook County Recorder of Deeds, Illinois.

    8.    The current Chapter 13 Plan provides the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $960.00 per month for 36 months.

    9.    Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

    10.    On November 24, 2010, Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 12100 S. Laflin Street, Chicago, IL 60643.

    11.    That on November 24, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at One Citizens Plaza, Providence, Rhode Island 02903.

    12.    The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13.    No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14.    No evidence has been presented to challenge the appraised value of $135,000.00.

15.    The first secured claim of National City Mortgage in the amount of $175,125.40 exhausts the value and equity in Plaintiffs' residence.

16.    There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.    Jurisdiction**

1.    This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).  This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.    Argument**

3.    This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4.    The Debtors scheduled the first secured claim of National City Mortgage in the amount of $171,000.00 and the second secured claim of Charter One in the amount of $14,043.00.

5.    National City Mortgage has not yet filed a proof of claim in Plaintiffs' bankruptcy case, case number 10-40135.

6.    Charter One has not yet filed a proof of claim in Plaintiffs' bankruptcy case, case number 10-40135.

7.    That value of Plaintiffs' residence is $135,000.00.

8.      As there is no value or equity to support the second priority lien of Charter One,  the claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge.  *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Dated:  1/21/11

Enter:

_____
United States Bankruptcy Judge

JAN 21 2011

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625